THE PEOPLE OF THE STATE OF NEW YORK ex rel. JAMAICA WATER SUPPLY COMPANY, Respondent, *v.* THE STATE BOARD OF TAX COMMISSIONERS, Appellant.

THE CITY OF NEW YORK, Appellant.

**Tax — what special franchise taxes may be deducted as paid, in valuation of special franchise under net earnings rule.**

The special franchise taxes, which may be deducted from the gross earnings of a corporation for the purpose of assessing a special franchise tax under the net earnings rule include only such as have accrued against and have in fact been paid by it during the period in which the net earnings are taken as the basis of the valuation.   It is not proper to include as a part of the expenses of the corporation for that period the estimated amount of the special franchise tax then in process of ascertainment.

(Submitted November 22, 1909; decided December 7, 1909.)

MOTION for re-argument.   (See 196 N. Y. 39.)

WILLARD BARTLETT, J.   One of the principal questions discussed in the opinion in this case originally was whether where the net earnings rule is adopted in valuing a special franchise the taxes paid by the relator should be deducted from the gross earnings in order to determine the net earnings of the taxpayer.   The Appellate Division had held that there should be deducted from the earnings " all taxes *including approximately the amount of the special franchise tax to be assessed.*"   We expressed our dissent from this view, saying that the deduction to which the relator is thus entitled on account of taxes, however, " does not include the special franchise tax itself."   By this we meant merely that in making a valuation based upon the earning capacity of a corporation for a particular period it was not proper to include as a part of the expenses of the corporation for that period the estimated amount of the very special franchise tax then in process of ascertainment.

3·

It appears that what we said on this subject, however, has given rise to conflicting inferences on the part of counsel resulting in differences which obstruct the settlement of a large number of tax litigations which could otherwise speedily be adjusted. For this reason, although the present application is not brought within any of the established rules relating to motions for reargument, we are quite willing to supplement the opinion by a brief statement which may resolve the differences that have thus arisen.

In cases where the net earnings rule is an appropriate method for valuing a special franchise the first step is to ascertain the gross earnings of the corporation and the second step is to deduct the operating expenses. Among the operating expenses are to be included all the taxes which have accrued against and have been paid by the corporation during the period in which the net earnings are taken as the basis of the valuation. These taxes include any special franchise tax which has been assessed against the corporation for that or in that period and which the corporation has actually paid. A special franchise tax, however, which has not actually been paid is not to be deemed a part of the operating expenses and cannot properly be included in the deduction made on account of such expenses. If the corporation has chosen to resist the payment thereof, by litigation or otherwise, it cannot fairly be considered as having been subject to an expenditure when it has kept the amount of the tax in its own treasury. Only such special franchise taxes as have in fact been paid are, therefore, to be treated as a proper deduction from the gross earnings in valuing a special franchise according to the net earnings rule.

In the brief of the attorney-general a desire is expressed for further enlightenment as to the character of the return which the statute requires the state board of tax commissioners to make in cases of this kind. We do not deem it necessary, however, to add anything to what was said in the principal opinion on this subject to the effect that it was the manifest design of the legislature " that they should dis-

close the *modus operandi* leading to the result which they reached."

The motion for a reargument should be denied, without costs.

CULLEN, Ch. J., EDWARD T. BARTLETT, HAIGHT, WERNER, HISCOCK and CHASE, JJ., concur.

Motion denied.