PEOPLE ex rel. THIRD AVE. R. CO. v. STATE BOARD OF TAX
COM'RS et al.

(Supreme Court, Appellate Division, Third Department.  December 30, 1909.)

1. TAXATION (§ 376*)—FRANCHISE TAX—VALUE OF TANGIBLE PROPERTY—MAN-
NER OF DETERMINING.
    In assessing the franchise tax, the value of tangible corporate property
by the net earnings rule, where the property is practically indestructible
by use or is nearly new, is to be determined by the cost of its reproduc-
tion.
    [Ed. Note.—For other cases, see Taxation, Cent. Dig. § 625; Dec. Dig.
§ 376.*]

2. APPEAL AND ERROR (§ 171*)—THEORY PURSUED IN TRIAL COURT—EFFECT ON
APPEAL.
    In proceedings to establish the net earnings tax of a railroad company,
where all parties submitted findings to the referee and requested findings
based upon the reproduction cost as the proper basis for consideration,
and the trial having proceeded entirely on that theory, on appeal neither
party will be heard to object to the manner of valuing the property.
    [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1053–
1055; Dec. Dig. § 171.*]

3. TAXATION (§ 493*)—FRANCHISE TAX—OBJECTIONS TO REFEREE'S FINDINGS.
    In proceedings to confirm the statement of the franchise tax of a rail-
road company, where it was alleged that three pieces of real estate were
not in active use and were not revenue producers at the time the original
tax was stated, a consideration of the several properties, the purpose for
which they were required, their use immediately before, at the time, and
after the tax was stated warranted a finding of fact that the property was
used by the relator in the operation of its railway.
    [Ed. Note.—For other cases, see Taxation, Cent. Dig. § 881; Dec. Dig.
§ 493.*]

4. TAXATION (§ 376*)—FRANCHISE TAX—MANNER OF DETERMINING.
    In determining the net earnings of a railroad company, in arriving at
the assessment for the franchise tax it is proper to deduct the amount of
a franchise tax paid from the earnings.
    [Ed. Note.—For other cases, see Taxation, Cent. Dig. § 625; Dec. Dig.
§ 376.*]

5. TAXATION (§ 376*)—FRANCHISE TAX—MANNER OF DETERMINING.
    In assessing the franchise tax, money paid out for "injuries and dam-
ages" is to be treated as ordinary disbursements incident to the business,
to be deducted in arriving at the net earnings, in the absence of a show-
ing that the money was paid on account of the company's employing de-
fective machinery or incompetent servants, or for its other wrongful or
negligent acts.
    [Ed. Note.—For other cases, see Taxation, Cent. Dig. § 625; Dec. Dig.
§ 376.*]

6. TAXATION (§ 376*)—FRANCHISE TAX—MANNER OF DETERMINING.
    In determining the net earnings of a railroad company for the purpose
of stating the franchise tax, a fair return upon the capital invested is
not what return should be made upon the real estate or the actual tan-
gible property, but what return should be made upon the investment rep-
resented by all of the property, tangible and intangible—that is, upon the
actual money value engaged in the business.
    [Ed. Note.—For other cases, see Taxation, Cent. Dig. § 625; Dec. Dig.
§ 376.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

7. TAXATION (§ 376*)—FRANCHISE TAX—MANNER OF DETERMINING.
    In determining such net earnings there should be deducted from the earnings a reasonable sum each year to provide for the replacement of property which will become worthless by use; this being outside of the ordinary annual expenses for maintenance, renewals, and repairs.
    [Ed. Note.—For other cases, see Taxation, Cent. Dig. § 625; Dec. Dig. § 376.*]

Appeal from Special Term, Albany County.

Action by the People of the State of New York, on the relation of the Third Avenue Railroad Company, against the State Board of Tax Commissioners and another. From the determination of the Special Term confirming, as modified, the statement of the special franchise tax against the relator's property made by the Tax Commissioners, all parties appeal. Determination confirmed.

Argued before SMITH, P. J., and CHESTER, KELLOGG, SEWELL, and COCHRANE, JJ.

Edward R. O'Malley, Atty. Gen. (William N. Cowen and Arthur J. Cowen, of counsel), for the Tax Com'rs.

Francis K. Pendleton, Corp. Counsel (David Rumsay and Curtis A. Peters, of counsel), for the City.

Cravath, Henderson & De Gersdorff and Joseph P. Cotton, Jr. (Walker D. Hines and Jarvis P. Carter, of counsel), for relators.

JOHN M. KELLOGG, J. It is assumed by the parties to the record that the net earnings rule defined in People ex rel. Jamaica Water Supply Co. v. Tax Commissioners, 196 N. Y. 39, 89 N. E. 581, and 128 App. Div. 13, 112 N. Y. Supp. 392, is the proper method of valuing the relator's special franchise, but errors are alleged in the application thereof to the facts shown.

1. It is urged that the actual value of the tangible property should have been considered rather than its reproduction cost. Some of the property was practically indestructible by use, and much of it was nearly new. As to such properties, the reproduction cost would fairly indicate its value. The record does not give facts sufficient to warrant a determination how much the other property had depreciated. All the parties submitted findings to the referee, and requested findings based upon the idea that the reproduction cost was the proper basis for consideration, and no other value of the property was deemed important by any one, and no other basis of valuation was presented. The trial having proceeded entirely on that theory, I think neither party is in a position to be heard against it.

2. It is alleged that three pieces of real estate were not in active use, and were not revenue producers at the time the original tax was stated. The findings of fact show that such real estate was used by the relator in the operation of its railway. A consideration of the several properties, the purposes for which they were acquired, their use immediately before, at the time, and after the tax was stated, fairly justify the findings.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes
    120 N.Y.S.—34

3. It is urged that the franchise tax was erroneously deducted from the earnings in determining the net earnings. Such deduction was not improper. See Jamaica Water Supply Co. Case, above. Upon a motion for a reargument of that case, decision not yet reported, it is understood that the Court of Appeals has determined that a franchise tax paid may be deducted from the earnings.

4. An item, "injuries and damages, $31,013.68," was included in the expenses and deducted from the earnings, and it is claimed that such payments must have arisen from the wrongful acts of the relator and its servants, and that, therefore, it is against public policy to allow the same. It does not appear that these moneys were paid on account of any wrongful act of any officer or employé of the company. A company operating a railroad under the most careful management must have many claims against it for injuries and damages. They are necessary incidents to operating the road. There is no evidence that these moneys were paid on account of the company's employing defective machinery or incompetent servants, or for its other wrongful or negligent acts. The payments for such purposes, except where facts shown require otherwise, are properly treated as ordinary disbursements incident to the business. This item is not shown to be extraordinary.

5. The contention that the Special Term, as matter of law and not of fact, determined that the relator was entitled to a return upon its tangible property of 6 per cent. rather than 5 per cent., as found by the referee, is not sustained by the record. In the Jamaica Water Supply Co. Case it was held by the Court of Appeals and by this court that in the absence of satisfactory evidence to the contrary, six per centum may properly be deemed a fair return on the property of a public service corporation. The relator's evidence favors a 6 per cent. return. The evidence of the defendant introduced to establish a different rate refers to a return upon the tangible property only. That does not meet the point under consideration. The question is not what return should be made upon the real estate or the actual tangible property, but what return should be made upon the investment represented by all of the property, tangible and intangible; that is, upon the actual money value engaged in the business. As stated by this court in the Jamaica Water Supply Co. Case, we cannot assume that the intangible part of the relator's property earns any greater per cent. of return than its tangible property. The return comes from the combined use of both. We are therefore to allow a fair return upon the value of the entire property, considering the risks and all the circumstances surrounding the business. We are then to deduct from the net earnings an amount which the tangible property earns, based upon a per cent. which is deemed a fair return upon an investment in such a street railway enterprise, and then are to capitalize the remaining net earnings at the same rate in order to determine the actual value of the remainder of the property; that is, the intangible part of the special franchise. The evidence of the defendants therefore gives us no real light as to what would be a fair return upon the entire money value of all the property employed in the enterprise. The court was justified in fixing 6 per centum as a fair return upon the investment.

6. The Jamaica Water Supply Co. Case establishes that a public service corporation, with reference to its property which will become worthless by use and must be replaced, is entitled to set aside each year from its earnings a reasonable sum to provide for its replacement. This is outside of the ordinary annual expenses for maintenance, renewals, and repairs. The relator actually expended $260,-097.36 for maintenance, renewals, and repairs, and was allowed in addition $200,000 to create a fund for the replacement of physical property which would be destroyed by use and must eventually be replaced. The defendants had access to the relator's books and accounts, and, if the expenditures actually made covered the same items which would naturally be provided for in the replacement fund allowed, they had the opportunity to show the fact. The annual ordinary expenditures for repairs, replacements, and renewals upon such a property cannot be assumed to make it unnecessary to provide a fund which will replace its engines, electrical equipment, and other physical property which at some time must be replaced. The evidence justified the court in determining that, in addition to the $260,097.36 actually expended during the year for ordinary repairs and maintenance of the property, $200,000 more would be required from the earnings of the year to replace property which in time, notwithstanding ordinary repairs, would become useless and must be replaced. Much of the relator's property was comparatively new. Some of it was practically indestructible. It is but fair that the years in which there is little or no call for the replacement of property used should contribute to a fund, so that the year in which the property fails shall not be charged with its entire replacement. We cannot say from the record that $460,-097.36 is too large a sum to meet the ordinary annual maintenance, renewal, and repairs and to provide such replacement fund.

A careful consideration has been given to all the evidence and to the objections urged against the order, and no prejudicial error is found therein.

The appeal by the relator brings up for review some alleged errors in computations made by the referee, which in the view we take of the case could not substantially change the result. The computations by the referee may not have been exact upon either side, but in their entirety bring no substantial prejudice to either party.

Considering the manner in which the case was submitted to the referee and the Special Term, and the questions there presented for decision, we find no error to the substantial prejudice of either party. The determination should therefore be confirmed. All concur.