PEOPLE ex rel. FULTON ST. R. CO. v. STATE BOARD OF TAX COM'RS et al. (eight cases).

(Supreme Court, Special Term, New York County. February 23, 1910.)

1. TAXATION (§ 376*)—FRANCHISE ASSESSMENTS—VALIDITY.

Where a street railroad was operated by a second company under an agreement requiring the second company to pay the interest on the bonds of the first, amounting to $20,000 annually, this annual payment, being over and above all operating expenses, must be regarded as earnings, and may be taken as earnings for the purpose of establishing the taxable value of the franchise.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. §§ 625, 629–631; Dec. Dig. § 376.*]

2. TAXATION (§ 376*)—FRANCHISE TAX—ASSESSMENTS.

Where a street railway company ran its cars over tracks which did not belong to it, revenue received from such operation, after deducting the operating expenses, must be considered as part of the earnings on which to estimate the value of its franchise for purposes of taxation.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. §§ 625, 629–631; Dec. Dig. § 376.*]

3. TAXATION (§ 376*)—SPECIAL ASSESSMENTS—FRANCHISE TAXES.

In assessing the special franchise of a street railway company, a fair and reasonable return must be deducted from the net earnings of the company, and the balance gives the earnings attributable to the enjoyment of the franchise, which is to be capitalized at a fair rate.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. §§ 625, 629–631; Dec. Dig. § 376.*]

4. TAXATION (§ 376*)—SPECIAL ASSESSMENTS—FRANCHISE TAXES.

In assessing the franchise tax of a street railway company under the net earnings rule, there must be a deduction on account of the depreciation of the company's physical property.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. §§ 625, 629–631; Dec. Dig. § 376.*]

Certiorari by the People, on the relation of the Fulton Street Railroad Company, against the State Board of Tax Commissioners and others, to review special franchise assessments. Assessments sustained.

H. A. Robinson, of New York City, for plaintiff.

E. R. O'Malley, of Buffalo, for defendants.

O'GORMAN, J. [1] These are certiorari proceedings instituted to review the special franchise assessments against the Fulton Street Railroad Company for the years 1901 to 1908, inclusive, in the following amounts: 1901, $101,240; 1902, $133,500; 1903, $133,000; 1904, $125,000; 1905, $125,000; 1906, $125,000; 1907, $147,000; 1908, $129,000. It is conceded that the relator's road was operated by the Metropolitan Street Railway Company from February 19, 1896, to June 1, 1908, under an operating agreement by the terms of which the Metropolitan Street Railway Company paid the interest on the bonds of the relator, amounting to $20,000 annually. This $20,000 annual payment to the bondholders was over and above all

operating expenses, and must be regarded as the net profit and earnings of the relator by reason of its ownership of the franchise in question, capitalized at 6 per cent.; this gives as the value of the franchise the sum of $333,333.33, more than sufficient to sustain each of the assessments without taking into consideration the tangible property in the street.

[2, 3] The track owned by the relator was only 51½ per cent. of the total tracks traversed by its cars, and 48½ per cent. of its line was operated over tracks owned by other companies. The claim made by the relator that its earnings should be correspondingly apportioned cannot be entertained. Whatever rents or charges were paid by the relator for the use of the tracks of other companies would constitute an item of its operating expenses. The relator was entitled to all its earnings above its expenses and rentals paid to other companies; such net earnings constitute profit to the relator, and were the result of the ownership and operation of its franchise. Deducting from these net earnings a fair and reasonable return on that portion of the capital invested in tangible property, the balance gives the earnings attributable to the enjoyment of the special franchise; and, if this balance be capitalized at a fair rate, the value of the special franchise is ascertained. People ex rel. Jamaica Co. v. Tax Com'rs, 196 N. Y. 56, 89 N. E. 581.

[4] The relator's claim that the earnings applicable to the tangible property should not be reduced on account of the property's physical depreciation is unsound. The net earnings are to be apportioned between the tangible and the intangible property. If profit may be derived from the use of the franchise with a depreciated plant, the resulting profit must be attributed to the franchise, after deducting a fair return on the existing value of the tangible property used in the enterprise. In my opinion a rate of 6 per cent. as the rate of return upon the present value of the tangible property and as the rate of capitalization, and a rate of 4 per cent. for the sinking fund for depreciation, is reasonable and proper, and should be applied. People ex rel. Third Ave. R. R. v. Tax Com'rs, 136 App. Div. 155, 120 N. Y. Supp. 528 (Third Department, November, 1909).

The objections to the assessments are not sustained, and the assessments must be confirmed, with costs to the defendant.