THE PEOPLE OF THE STATE OF NEW YORK ex rel. CENTRAL HUDSON GAS AND ELECTRIC COMPANY, Respondent, Appellant, *v.* STATE TAX COMMISSION, Appellant, Respondent. (8 Separate Special Franchise Proceedings, Assessments of 1916.) (26 Separate Special Franchise Proceedings, Assessments of 1917–1919.)

Third Department, January 14, 1927.

Taxation — special franchise tax — valuation of special franchise of electric light company in several tax districts — when total intangible has been ascertained it should be distributed among various tax districts upon relation which gross receipts from each district bear to total gross receipts of entire system — when so distributed it should be divided within each tax district in such proportion of capitalized net earnings attributable to wires carrying current in given tax district as length of wires over public ways bears to total length of all wires in such tax district.

In proceedings to determine the special franchise tax of a lighting company operating in several tax districts, the valuation of the special franchises should be distributed, when the total intangible has been ascertained, among the several tax districts upon the relation which the gross receipts from each district bear to the total gross receipts of the entire system.

**228** People ex rel. Central Hudson G. & E. Co. *v.* Tax Comm.

Third Department, January, 1927.          [Vol. 219

When the distribution is made as thus provided, the special franchises within each district should not be valued at a greater sum than such proportion of the capitalized net earnings attributable to wires carrying current in a given tax district, as the length of the wires over public ways bears to the total length of all such wires in such tax district.

Hinman, J., dissents in part.

Reargument in eight proceedings of an appeal by the defendant, State Tax Commission, from separate final orders of the Supreme Court, entered in the office of the clerk of the county of Albany on the 12th day of November, 1924, upon the report of a referee appointed to take evidence and to hear, try and determine the whole issues raised by the petitions and the returns in certiorari proceedings to review special franchise assessments for the year 1916, within the respective cities and towns.

Also reargument of an appeal by the relator, Central Hudson Gas and Electric Company, from said final orders in so far as they fail to reduce the full value of the franchise of the relator within the respective cities and towns and fail to direct the correction of the assessment roll and to provide for a refund.

Also reargument of an appeal by the defendant, State Tax Commission, from an order of the Supreme Court, made at the Albany Trial Term and entered in the office of the clerk of the county of Albany on the 12th day of November, 1924, granting to the relator in each of said proceedings for 1916 an additional allowance of costs as specified and allocated in said order, pursuant to section 1513 of the Civil Practice Act.

Reargument in twenty-six proceedings of an appeal by the defendant, State Tax Commission, from separate final orders of the Supreme Court, entered in the office of the clerk of the county of Albany on the 17th day of September, 1925, upon three separate reports of a referee appointed to take evidence and to hear, try and determine the whole issues raised by the petitions and the returns in certiorari proceedings to review special franchise assessments for the years 1917, 1918 and 1919, within the respective cities and towns, except that said defendant does not appeal from said separate final orders in so far as they confirm the assessments in six proceedings for the year 1917 and dismiss the writs therein.

Also reargument of an appeal by the relator, Central Hudson Gas and Electric Company, from said final orders in so far as they fail to reduce the full value of the franchise of the relator within the respective cities and towns and fail to direct the correction of the assessment roll and to provide for a refund upon the review of the assessments for the years 1918 and 1919 and of six assessments for the year 1917, and also from said final orders confirming the

assessments and dismissing the writs in six proceedings for the year 1917, except as to its costs.

*Gould & Wilkie* [*R. L. von Bernuth* of counsel], for the relator.

*Albert Ottinger, Attorney-General* [*Frederic J. Merriman* and *John M. Farrell* of counsel], for the State Tax Commission.

HINMAN, J.   In the opinion of the court written by Mr. Justice KELLOGG it is stated: " It seems to me that the special franchises of the relator should not be valued at a greater sum than such proportion of the capitalized net earnings attributable to wires carrying current in a given town as the length of the wires over public ways bears to the total length of all such wires in such town." (218 App. Div. 44, 60.)

It is urged that the opinion does not clearly indicate the manner in which the total intangible value should be distributed to the various tax districts and that the opinion is susceptible of two constructions: (a) That when the total intangible for the entire system is ascertained it should be distributed among the various tax districts upon the relation which " the length of the wires " in each tax district bears to the total length of the wires throughout the system; or (b) that when the total intangible has been ascertained it should be distributed among the various tax districts upon the relation which the gross receipts from each district bear to the total gross receipts of the system.   The parties agree that, after that first apportionment has been made in one or the other of those methods, Mr. Justice KELLOGG's opinion requires a final apportionment within a given tax district in accordance with the relation which the length of wires over public ways bears to the total length of all wires carrying current in such tax district.   The relator favors method " a," claiming that it is more analogous to the basis of apportionment within the district which was approved in the opinion of Mr. Justice KELLOGG.   The defendant favors method " b," for the following reasons: (1) It was so stipulated between the parties hereto upon the trial of the 1917–1919 proceedings.   (There was no stipulation as to the 1916 proceedings.) (2) The net earnings rule contemplates that earnings be used as the measure of value.

I think each tax district should have the benefit of measuring the tax due to it by the use of the gross earnings to find the factor to be adopted in apportioning to the various tax districts the capitalized net earnings of the whole system attributable to intangibles.   If we use the length of wire to find the factor to apportion such net earnings we are departing from the theory of taxing the franchise in accordance with its value as such.   That is the theory

**230** PEOPLE EX REL. CENTRAL HUDSON G. & E. CO. *v.* TAX COMM.

Third Department, January, 1927.        [Vol. 219

of the net earnings rule in general and that is the particular theory laid down by Mr. Justice KELLOGG in justifying an apportionment of the intangible value derived from net earnings between that derived from user of the public ways and that derived from user of private ways. His theory is that we must trace the net earnings to their actual sources and then segregate them according to both sources (public and private) so that the franchise tax may be levied solely on the capitalized net earnings produced by the public franchise. In other words, the basis is earnings, not length of wire — earnings derived from occupancy of public lands as distinguished from private occupancy. One foot of wire is not necessarily as valuable as every other foot. Potentially that might be so but actually we cannot assume it, when we are dealing with an apportionment of an intangible value measured by net earnings computed for a definite period of the past. Accordingly as there is disparity in value of a certain length of wire in one district as compared with an equal length of wire in another district, depending upon the earnings attributable to each, the linear foot method of apportionment would rob the more productive district for the benefit of the less productive. By such method moneys earned in one district would be partially attributed to another district, which is inconsistent with the theory of valuing a franchise in accordance with the earnings produced by it.

The court agrees with me in the conclusion that method " b " should be adopted. The stipulation of the parties upon the trial of the 1917–1919 proceedings requires it for those proceedings. The same method should apply to the 1916 proceedings. The total intangible value should, therefore, be allocated to the various tax districts upon the relation which the gross receipts in each tax district bear to the total gross receipts of the system; and when so distributed should be divided within each tax district in accordance with the opinion of Mr. Justice KELLOGG (218 App. Div. 44). That is the opinion of the court.

I dissent as to the distribution within each tax district stated in the opinion of Mr. Justice KELLOGG for the reasons stated by me in my former opinion (218 App. Div. 44). Even if I were to agree with my associates that the intangible value should be distributed within each tax district between that derived from user of the public ways and that derived from user of private rights of way, I could not agree that the proper formula for such distribution has been adopted by Mr. Justice KELLOGG. It seems to me that the apportionment within the tax district cannot fairly be made on the basis of length of wires over public ways as compared with total length of wires in that district. His rule of appor-

People ex rel. Central Hudson G. & E. Co. *v.* Tax Comm. 231

App. Div. 227]        Third Department, January, 1927.

tionment in each district is subject to the same criticism which I urge against the proposed apportionment of the capitalized net earnings between districts. One foot of wire in or out of the streets may be just as necessary as every other foot; but one foot may be much more valuable than another in the earnings it produces. One foot of wire in the streets may be just as necessary as every foot of extension thereof upon private right of way, but there may be no consumers directly supplied by the street wires and all of the business done in a tax district may be with consumers who are directly supplied by private right of way wires. According to the theory of Mr. Justice Kellogg the business attributable directly to private right of way wires should not be taxed as a benefit derived from the exercise of franchises in the district; and yet the rule heretofore laid down in his opinion would permit a tax in such a district upon the arbitrary basis that even though all the business done in the district came through private right of way wires, such a proportion of it must be attributed to the street wires as the length of the street wires bears to the total wireage in the district. Conversely, even though all the business done in the district came through the direct use of the street wires and none from private right of way wires in the district, the linear foot method would deprive the municipality of a portion of the tax due it. Such a proportion of the net earnings would have to be attributed to the private right of way wires as the length of such wires bears to. the total wireage in the district, even though the wires on private right of way in the district were wholly unproductive. It is only when the earnings from street user in the district bear that exact proportion to earnings from user of private right of way which the length of wires in the streets bears to the length of wires out of the streets that a true equation would be formed. No such even balance could happen except by the merest chance. In every other case the earnings directly attributable to the use of the streets would not be properly taxed. The earnings would not determine the tax. The tax would be determined by a method inconsistent with any rational theory of valuing the franchise in accordance with the earnings produced by it. It seems to me that the consistent rule to carry out the purpose intended by Mr. Justice Kellogg should read as follows: " The special franchise of the relator should not be valued at a greater sum than such proportion of the capitalized net earnings attributable to wires carrying current in a given tax district as the *gross earnings* from wires over public ways bears to the total *gross earnings* from the total length of all wires carrying current in such tax district." In this, however, the court does not agree with me.

232   People ex rel. Central Hudson G. & E. Co. *v.* Tax Comm.

Third Department, January, 1927.                    [Vol. 219

The parties having been permitted to stipulate certain additional facts in lieu of a further hearing before the Special Term for the purpose of making suitable findings, our decisions rendered September 23, 1926, should be modified so as to provide as follows:

1. Special Franchise Proceedings, 1916. Final orders of the Supreme Court, entered in Albany county appealed from, should be modified in accordance with opinions of Hinman and H. T. Kellogg, JJ. (reported 218 App. Div. 44), supplemented by this opinion, and as so modified affirmed. Findings and orders in accordance with such decision to be settled on notice. The order of the Special Term granting additional allowance to the relator, entered in Albany county clerk's office on November 12, 1924, should be modified so as to grant to the relator an additional allowance not to exceed five per cent of the total refunds computed in accordance with the decision of this court, to be determined on an application to the Special Term and to be taxed as part of the costs of the relator in the court below. Other questions of costs to be settled upon the settlement of orders herein.

2. Special Franchise Proceedings, 1917–1919. Final orders of the Supreme Court, entered in Albany county appealed from, should be modified in accordance with opinion of Hinman, J. (reported 218 App. Div. 60), and the opinions in *People ex rel. Central Hudson Gas & Electric Co.* v. *State Tax Commission* (Special Franchise Proceedings, 1916) (218 App. Div. 44), supplemented by this opinion, and as so modified affirmed. Findings and orders in accordance with such decision to be settled on notice, at which time all questions of costs should be settled.

Cochrane, P. J., Van Kirk and McCann, JJ., concur; H. T. Kellogg, J., did not sit; Davis, J., not sitting.

1. Special Franchise Proceedings, 1916. Final orders modified in accordance with opinions of Hinman and H. T. Kellogg, JJ. (reported 218 App. Div. 44), supplemented by new opinion by Hinman, J., filed herewith, and as so modified affirmed, with costs in accordance with stipulation. Findings and orders in accordance herewith to be settled before Hinman, J.

Order granting additional allowance to relator, entered in Albany county clerk's office November 12, 1924, modified so as to grant to the relator an additional allowance not to exceed five per cent of the total refunds computed in accordance with the decision of this court, and to be determined on an application to Special Term and to be taxed as part of the costs of the relator in the court below.

2. Special Franchise Proceedings, 1917–1919. Final orders modified in accordance with opinion of Hinman, J. (reported 218 App.

Div. 60), and the opinions in *People ex rel. Central Hudson Gas & Electric Co.* v. *State Tax Commission* (*Special Franchise Proceedings, 1916*) (reported 218 App. Div. 44), supplemented by new opinion by HINMAN, J., filed herewith, and as so modified affirmed, with costs in accordance with stipulation. Findings and orders in accordance herewith to be settled before HINMAN, J.